## Cromley *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—" Stop, look and listen."*

In an action against a railroad company to recover damages for the death of plaintiff's husband, it appeared that plaintiff approached a grade crossing, in a borough, driving a sled. There was evidence from one witness that he stopped at a point about twenty feet from the crossing from which place he could have seen the train that struck him, if it had been within 800 feet of the crossing. Five witnesses for the defendant testified that the deceased did not stop, but drove at a slow trot on the track in front of the train. *Held,* that the case was for the jury and that a judgment and verdict for plaintiff should be sustained.

*Evidence—Scintilla—Conflict in testimony—Province of court and jury.*

Where the testimony in support of an action is a mere scintilla and that opposed to it is so overwhelming that no real controversy is raised, and where the jury could not find for the plaintiff without a capricious disregard of apparently truthful testimony, probable in itself and not at variance with any admitted or proved facts, a verdict may be directed for the defendant. Such cases are rare and they do not arise where there is a real conflict of testimony.

Argued Feb. 28, 1905. Appeal, No. 353, Jan. T., 1904, by defendant, from judgment of C. P. Montour Co., Sept. T., 1902, No. 58, on verdict for plaintiff in case of Sarah C. Cromley v. Pennsylvania Railroad Company. Before MITCHELL, C. J. FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WHITE, P. J., specially presiding.

430     CROMLEY *v.* PENNA. R. R. CO., Appellant.

The facts appear by the opinion of the Supreme Court and by the previous report of the case in 208 Pa. 445.

Verdict and judgment for plaintiff for $7,428.  Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*II. M. Hinckley*, with him *I. X. Grier*, for appellant.

*E. S. Gearhart* and *James Scarlet*, with them *W. J. Baldy*, for appellee.

OPINION BY MR. JUSTICE FELL, April 10, 1905 :

At a former trial of this case it was shown by testimony in behalf of the plaintiff that her husband and son were killed at a diagonal crossing of the defendant's road by an express train which was running about sixty miles an hour.  They were riding in a sled drawn by two horses, and approached the tracks at an acute angle.  The horses were stopped a moment at a place nearest the tracks from which a view of them could be had, but this view extended only 500 feet in the direction of the train.  They went on at a walk twenty, or thirty feet and the sled was struck on the first track.  Gravel and cinders mixed with the snow at the side of the crossing made the passage of a sled difficult, and the horses reared an instant before the collision.  A judgment of nonsuit entered at the trial was reversed for the reasons (1) that there was not only the presumption but affirmative evidence that the plaintiff's husband stopped at what was apparently the proper place at which to stop, and whether he should have stopped longer or stopped again were questions for the jury ; (2) that it was not so clear that he drove on the tracks in the presence of a manifest danger, which he saw or should have seen, that the court could say he was negligent, because the train may have come into view after he looked, and he may have been detained by the condition of the crossing and the rearing of his horses. See Cromley v. Penna. Railroad Co., 208 Pa. 445.

At the second trial the testimony offered by the plaintiff was substantially the same as at the first, but the distance at

which the train could have been seen at a point twenty feet from the crossing was shown to be over 800 feet. Five witnesses called by the defendant testified that the plaintiff's husband did not stop but drove at a slow trot on the track in front of the train. The case was submitted to the jury, and all the assignments of error relate to the refusal of the court to direct a verdict for the defendant.

The weight of the testimony as to stopping was with the defendant. Only one witness testified that there had been a stop; five witnesses, who had a better opportunity to see what happened, testified that there had been no stop. If there was nothing in the manner of the defendant's witnesses to throw doubt on their testimony, the preponderance of the evidence should have led the jury to find for the defendant, and on their failure so to find the court should have granted a new trial. But if there was error in this regard we cannot correct it unless we assume the decision of a disputed question of fact from conflicting testimony. This we cannot do without falling into greater error. Where the testimony in support of an action is a mere scintilla and that opposed to it is so overwhelming that no real controversy is raised, and where the jury could not find for the plaintiff without a capricious disregard of apparently truthful testimony, probable in itself and not at variance with any admitted or proved facts, a verdict may be directed for the defendant: Holland v. Kindregan, 155 Pa. 156; Lonzer v. Lehigh Valley Railroad Co., 196 Pa. 610; but such cases are rare and they do not arise where there is a real conflict of testimony.

Holden v. Penna. Railroad Co, 169 Pa. 1, was correctly decided on its facts. The uncontradicted testimony was that there was a clear view of the tracks for the distance of half a mile from the crossing and the collision occurred as the horse stepped on the track. The rule established by Carroll v. Penna. Railroad Co., 12 W. N. C. 348, and the long line of cases that have followed it, governed the case and entitled the defendant to peremptory direction in its favor. The statement in the opinion that the plaintiff's testimony should have been disregarded by the court because it stood alone and was positively contradicted by the testimony of five wholly disinterested and unimpeached witnesses who had equally good opportunities of

observation, was only one of the reasons given for reversing the judgment, and was not essential to the decision of the case. It has not since been approved and it cannot be on principle, because it overlooks the well-defined distinction between the province of the court and that of the jury.

The only effect of the testimony for the defendant was to raise a controversy as to facts which, however wrongly decided, was for the jury alone. The greater distance at which it was shown that a train could have been seen from a point near the tracks did not make it clear that the train did not first come into the view of the driver after he was on the track, and the rule that negligence will be imputed under such circumstances is applicable to clear cases only, where neither the facts nor the inferences to be drawn from them are in doubt.

The judgment is affirmed.