## Raffaele, Appellant, v. Andrews.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before MARSHALL, J.

*Gustav W. Wilde,* with him *Burgwin, Ruffin, Perry & Pohl,* for appellant.

*David B. Fawcett, Jr.,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellee.

OPINION BY WATKINS, J., March 21, 1962:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County, in a trespass action, entered after a jury verdict, in favor of the plaintiff-appellant, Carmen Raffaele, and against Herman L. Andrews, one of the defendants and the appellee

herein, in the amount of $873; and from the order of the court below refusing the appellant's motion for a new trial.

The facts surrounding the accident, which gave rise to this litigation, are as follows: On September 2, 1955, the plaintiff-appellant, Carmen Raffaele, entered the parking lot of the corporate defendant, Allegheny County Fruit and Vegetable Growers Association, Inc., and proceeded to shop at their store. Upon returning to his automobile, at which time, Herman L. Andrews, the individual defendant, entered the parking lot and, while maneuvering his automobile to park, struck the automobile of the appellant and forced it backwards, causing the injury to appellant's leg. The corporate defendant employed an attendant for the lot who was present at the time of the accident. However, he was not engaged in directing the individual defendant to a parking place. On trial of the matter the jury returned a verdict in favor of the appellant and against the individual defendant alone, in the amount of $873, the amount testified to as the appellant's out-of-pocket expenses.

At the conclusion of the individual defendant's case, the attorney for the corporate defendant made a motion for compulsory nonsuit and for binding instructions. The trial judge refused the motions and the corporate defendant rested its case without introducing any evidence, although he informed the plaintiff and the court that he had witnesses in the courtroom who were available to be called.

It is alleged by the appellant that the trial court committed error by refusing to permit counsel for the appellant to argue to the jury regarding any presumption which might arise from the failure of the corporate defendant to call his witnesses and also the court's refusal of appellant's point for charge relating to the same.

The rule of evidence is that the nonproduction by the party having the burden of proof, of witnesses, who, presumably, are best informed on the subject under consideration, especially if their relations with such party are not hostile, but are friendly, so that their bias, if any, would be in his favor, creates a factual inference, not a presumption of law, that the witness's testimony would have been unfavorable. *Wills v. Hardcastle,* 19 Pa. Superior Ct. 525 (1902). In the present case, however, it appears that the corporate defendant was satisfied that the appellant had not met his burden of proof in establishing any negligence on the part of the corporate defendant and that, therefore, he had no burden to meet. This was borne out by the verdict of the jury, so that no presumption or inference could arise under the rule from his failure to call the witnesses. The above is true for another reason, that being, that the witnesses were equally available to either party and the appellant was informed that they were present in court and available to be called. *Green v. Green,* 182 Pa. Superior Ct. 287, 126 A. 2d 477 (1956).

Appellant also alleges that the trial court committed error in refusing his motion for a new trial on the basis that the verdict was grossly inadequate. Whether or not a new trial should be granted because of the inadequacy of the verdict is a matter for the trial court's discretion, and its action will not be reversed except for a clear abuse of discretion. *Takac v. Bamford,* 370 Pa. 389, 88 A. 2d 86 (1952); *Fabel v. Hazlett,* 157 Pa. Superior Ct. 416, 43 A. 2d 373 (1945).

From a review of the record it appears that the appellant's injuries and the consequent result of the injuries was fairly conveyed to the jury and was fairly treated in the charge of the court below, and the verdict by the jury was not for a nominal sum but represented the out-of-pocket expenses in toto of the plain-

tiff, to which should be added the $125.00 paid by the defendant to the plaintiff before trial, and we cannot say the lower court abused its discretion in refusing to grant a new trial because such a verdict was inadequate.

Judgment affirmed.

FLOOD, J., concurs in the result.