205 Pa. Superior Ct. 515 (1965)
Montgomery, Appellant,
v.
Greene County Clay Products Company.
Superior Court of Pennsylvania.
Argued April 13, 1965.
June 17, 1965.
*516 Before ERVIN, P.J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).
Floyd A. King, with him Sayers, King & Keener, for appellant.
John I. Hook, Jr., with him Hook & Hook, for appellee.
OPINION BY JACOBS, J., June 17, 1965:
After a trial the jury awarded the plaintiff a verdict in a suit for breach of contract. The defendant filed motions for judgment n.o.v. and for a new trial. The court below entered judgment n.o.v. in favor of the defendant. Plaintiff appeals from that judgment.
The plaintiff having been the verdict winner, the evidence, together with all reasonable inferences therefrom, *517 must be considered in the light most favorable to him. Skoda v. West Penn Power Company, 411 Pa. 323. With that rule in mind we have reviewed the testimony and find the facts to have been as follows:
Plaintiff was a director, officer and employee of the defendant corporation. On October 28, 1959, the defendant by written contract agreed to employ the plaintiff for a period of two years beginning October 1, 1959, and ending on September 30, 1961, at a monthly salary of $400.00. The employment contract contained the following pertinent paragraph: "This employment shall terminate without action by either of the parties if the employee dies and shall terminate in the event of the employer's insolvency, bankruptcy, dissolution, liquidation or cessation of business for any reason whatsoever." Plaintiff was employed under the contract until November 23, 1959. On that date the defendant discharged the plaintiff. Apparently a directors' meeting of the defendant corporation was held on that day at which some action was taken in regard to closing down operations at the plant. However, the plaintiff has no recollection of the action taken at the board meeting. Production did shut down for a short time but a salesman continued on duty at the plant. Early in January, 1960, plaintiff responded to a call to return to work from George McFarland, defendant's new plant superintendent. Plaintiff was paid $1.50 per hour and continued to work for the defendant until approximately April 1, 1960, when McFarland quit his job and told plaintiff that he would no longer be responsible for wages. Plaintiff then went to work with Joyce Pipe Line Company and Joyce Western Corporation during part of the remainder of the period of the contract sued upon. He also collected unemployment compensation during periods when he was unemployed during the term of the contract. His suit was brought for the wages he would have earned had *518 the contract been carried out by the defendant less the sum he actually earned during the period of the contract.
The court below granted judgment n.o.v. on the basis that the action of the board of directors of the defendant on November 23, 1959, constituted a termination of the employment contract with the mutual consent of the plaintiff and defendant. To reach this result the court relied heavily on a paper alleged to be a copy of the minutes of the meeting of the board of directors which was admitted into evidence. Even if it was admissible, and that is questionable, it was only prima facie evidence of the transactions recorded therein. KoEune v. State Bank, 134 Pa. Superior Ct. 108, and parol evidence is admissible to aid, correct and supplement corporate minutes. Malone v. Melnick, 378 Pa. 483. The court treats the minutes of the meeting as if they were conclusive evidence not only that the action therein taken was carried out but also of the state of mind of the plaintiff. Whether the business actually ceased pursuant to the minutes was a fact to be determined. Whether or not the plaintiff at the meeting consented to a termination of the contract was purely a factual question for the jury particularly since there was nothing in the minutes concerning plaintiff's action, the plaintiff denied such consent and had no recollection of what happened at the meeting. The court further goes on to say that the record clearly shows that the plaintiff recognized that the contract was terminated on November 23, 1959, by accepting later employment and by leaving that later employment to go with Joyce Pipe Line Company. While this may have been true such action was equally consistent with efforts on the part of the plaintiff to mitigate damages and had to be resolved by the jury.
A judgment n.o.v. should be entered only when binding instructions should have been given. Hostetler v. *519 Kniseley, 322 Pa. 248. In this case binding instructions could not have been given because there were factual questions which had to be submitted to the jury.
Since the lower court did not dispose of defendant's motion for a new trial, the case will be returned to it so that it may pass upon that motion. Jordan v. Kennedy, 180 Pa. Superior Ct. 593.
Judgment reversed, the verdict of the jury reinstated and the case remanded to the lower court so it may act upon the motion for a new trial.