Austin et al., Appellants, *v.* Harnish.

Argued December 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before Brown, J.

*Allen L. Feingold,* for appellants.

*S. R. Zimmerman, III,* with him *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellee.

Opinion by Cercone, J., April 3, 1974:

This is an appeal from the lower court's refusal to grant plaintiffs' motion for a new trial based on general allegations that the verdict was against the evidence, the weight of the evidence and the law. The main issue as we view it is whether or not the verdict was inadequate.

Plaintiffs' car was struck from the rear by the car of defendant, Catherine Harnish, while both vehicles were in a line of heavy traffic that had stopped for a red light.[1] Plaintiff, John Begley, was the driver and plaintiff, Ronald Austin, was the passenger and also the owner of the car that was struck. Immediately after the collision, plaintiffs satisfied themselves that some fragile gasoline cylinders which were in the trunk of their car and which were described as "particularly susceptible to breakage from any kind of an impact,"

---

[1] The accident occurred on July 10, 1970 in the City of Lancaster.

were undamaged, and they then continued on their way. Subsequently plaintiffs instituted this suit, wherein they alleged that Mr. Austin's automobile had been damaged and that they had both been injured.[2]

The trial evidence established that each of the plaintiffs had been treated by or consulted with Dr. Mauriello and two other physicians. Austin alleged his medical expenses were $470 and John Begley testified that his medical expenses were $404. Dr. Mauriello was the only witness called by the plaintiffs and he testified that the charge for his services was $265 for Austin and $235 for Begley. Austin testified that the cost to repair his car was $250, but he did not produce any evidence from a repairman to support this testimony. Both plaintiffs sought recovery for loss of wages and compensation for pain and suffering. The total cost of repairs to the Harnish vehicle was $1.20, the cost of two headlights.

Before returning a verdict, the jury inquired of the trial court if it could find defendant Harnish negligent but still not award any damages to the plaintiffs. The trial judge instructed the jury, in effect, that they could do so only if they disbelieved plaintiffs as to their expenses and their claims for pain and suffering, or if they found that these damages and injuries arose from independent causes. After the court's instructions, the jury deliberated further and returned with verdicts in favor of plaintiffs in the amount of $265 for Austin and $235 for Begley.

The Supreme Court, in *Paustenbaugh v. Ward Baking Co.*, 374 Pa. 418, 420-21 (1953), quoting from *Coleman v. Pittsburgh Coal Co.*, 158 Pa. Superior Ct. 81 (1945), stated: "The guide for determining whether a new trial should be granted for inadequacy of verdict

---

[2] At trial compulsory non-suits were entered against the wives of the plaintiffs, Jean Austin and Arlene Begley.

has often been set forth in the cases. 'Where the trial court *grants* a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion. . . . When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will exercise even greater caution in reviewing* its action.' " Obviously the function of determining whether a jury's verdict is arbitrary and capricious lies with the trial court, and its decision will not be set aside in the absence of clear error of law or palpable abuse of discretion: *Gottlob v. Hillegas,* 195 Pa. Superior Ct. 453 (1961). As this Court stated in *Gottlob,* supra, "We are justified in declaring the lower court guilty of such an abuse of discretion only if we are clearly convinced by the record that the jury was influenced by partiality, passion, prejudice or some misconception of the law or the evidence."

The opinion of the lower court clearly reveals that it was fully cognizant of the importance of the issue and that the dismissal of the motion for a new trial was the result of a thorough and fair review of the record. In *Elza v. Chovan,* 396 Pa. 112 (1959), the Supreme Court provided some guidelines for trial courts to follow in determining whether motions for a new trial based upon inadequacy of the verdict should be granted. The Supreme Court there stated, "It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's. The mere fact that a verdict is low does not mean that it is inadequate." *Id.* at 115. The Supreme Court also said in that case, "[t]here should be nothing difficult about a decision to grant a new trial for inadequacy: the injustice of the verdict should stand forth like a beacon." *Id.* at 118. This rationale has been followed

consistently in the courts of Pennsylvania: *Padula v. Godshalk,* 192 Pa. Superior Ct. 618 (1960); *Ischo v. Bailey,* 403 Pa. 281 (1961); *Simpkins v. Richey,* 192 Pa. Superior Ct. 46 (1960); *Corl v. Corl,* 222 Pa. Superior Ct. 152 (1972). Therefore, once the trial court determines whether to grant or refuse a new trial, that determination will be reversed only in the presence of a clear abuse of discretion: *Wilson v. Nelson,* 437 Pa. 254 (1969).

Plaintiffs cite the following cases in support of their position that a new trial should be granted due to the inadequacy of the verdict: *Krusinski v. Chioda,* 394 Pa. 90 (1958); *Todd v. Bercini,* 371 Pa. 605 (1952); and *Alexander v. Knight,* 197 Pa. Superior Ct. 79 (1962). In each of these cases the trial court granted a new trial on the ground that the verdict was inadequate. Each of these cases was affirmed by the appellate courts applying the exact test that was laid down in *Paustenbaugh v. Ward Baking Co.,* supra, and *Wilson v. Nelson,* supra, that in the absence of a clear abuse of discretion the decision of the trial court must be affirmed. See also *Elza v. Chovan,* supra; *Morris v. Pecyno,* supra; *Raffaele v. Andrews,* 197 Pa. Superior Ct. 368, 178 A. 2d 847 (1962); *Bowie v. Shelton,* 214 Pa. Superior Ct. 107, 251 A. 2d 667 (1969).

The refusal by the trial court in the case at bar to grant the motion for a new trial certainly cannot be described as a clear abuse of discretion. Most of the evidence presented by the plaintiffs at trial was the unsupported testimony of the plaintiffs themselves. That the jury was unimpressed with plaintiffs' proof of damages is readily apparent from the following question submitted to the court after it had initially retired to consider its verdict: "Can we find the Defendant negligent and not award any damages to the Plaintiffs?" Obviously the jury came up with a compromise solution as to the existence and the extent of damages.

It is not without significance that the figures of the verdict specifically corresponded to the amounts of Dr. Mauriello's bills, he having been the only disinterested witness called by the appellants in support of any part of their case. Such compromises in determining damages are commonplace in litigation and are looked upon with favor by the courts: *Link v. Highway Express Lines, Inc.*, 444 Pa. 447 (1971); *Boyd v. Hertz Corp.*, 219 Pa. Superior Ct. 488 (1971). The jury in this case chose not to believe some of the proof offered by the plaintiffs as to the extent of their damages. A jury is not required to "believe part of everything or indeed anything" offered by a plaintiff in support of his position: *Karcesky v. Laria*, 382 Pa. 227, 114 A. 2d 150 (1955). Because the verdicts did correspond with the amount of damages proved, the trial court properly affirmed the verdicts handed down by the jury. This can hardly be called an abuse of discretion by the trial court.

Plaintiffs raise several other issues in support of their motions for a new trial. The first of these is the failure of trial court to give a directed verdict or binding instructions on the issue of negligence. On a motion for a directed verdict the facts must be considered in the light most favorable to the party against whom the motion is made: *Snyderwine v. McGrath*, 343 Pa. 245, 22 A. 2d 644 (1941). Binding instructions should not be given where there are factual questions which must be submitted to the jury: *Montgomery v. Greene County Clay Products Co.*, 205 Pa. Superior Ct. 515, 210 A. 2d 911 (1965). Following these standards it cannot be said that the trial court erred in denying to grant binding instructions or a directed verdict. In any event, any error in these rulings would have been harmless since the jury decided in favor of the plaintiffs on the issue of liability.

Plaintiff Austin next complains that the court erred in permitting evidence of his prior injuries to be introduced during cross-examination. However, no proper objection was taken to this evidence at trial and we will not consider it here. As to an allegedly inflammatory remark made by defense counsel in his closing argument, we find that any prejudicial effect of the remark was cured by the court's instruction to the jury to disregard it. See *Commonwealth v. Cisneros,* 381 Pa. 447 (1955).

Plaintiffs' contention that the court's charge failed to clearly explain the significance of the related provisions of The Vehicle Code to the case at issue has no merit since, as mentioned above, the jury found in favor of plaintiffs on the issue of liability.

Order of the lower court affirmed.