## Gordon v. Karsnitz

*David J. Brightbill*, of *Lewis, Brubaker, Whitman & Christianson*, for plaintiff.

*Frederick S. Wolfson*, of *Egli, Walter, Reilly & Wolfson*, for defendants.

GATES, *P. J.*, April 7, 1975—Plaintiff has brought suit for the resale value of his stock to defendants under the terms of the agreement dated June 8, 1961. After an incredible amount of dilatory proceedings, the matter finally came to trial on October 9, 1974. At the conclusion of the testimony, the trial judge directed a verdict in favor of plaintiff. Defendants now have filed a motion for a new trial.

The admitted facts are that on June 8, 1961, the parties entered into a written agreement wherein defendants sold 300 shares of capital stock in the Durable Shoe Company, Inc. to plaintiff. Under the terms of the agreement, plaintiff could notify defendants of his desire to terminate his employment with them and he could then resell the 300 shares of

stock to defendants at the value ". . . not less than the book value thereof as computed from the latest annual financial statement of the corporation."

On January 10, 1973, plaintiff notified the Durable Shoe Company, Inc. of the termination of his employment effective July 16, 1973. The fiscal year for the company extends from December 1 to the following November 30. Based on the value stated in the annual financial statement of November 30, 1972, plaintiff demanded $262.43 per share for a total value $78,729. Defendants contend that plaintiff's stock must be valued on the basis of a financial statement prepared May 31, 1973.

Concededly the only question to be submitted to the jury at trial was the meaning of the agreement with respect to the terms "annual financial statement."

At trial defendants presented an expert witness, their accountant Malcolm Smith, Jr. He testified that the last annual financial statement he prepared for Durable Shoe Company prior to July 16, 1973, was the annual financial statement of November 30, 1972. Mr. Smith testified that the May 31, 1973 statement was not an annual financial statement. Consequently, at the conclusion of the testimony the trial judge directed a verdict in favor of plaintiff.

The construction of an unambiguous written instrument is the exclusive province of the court and should not be submitted to the jury.

". . . Where plaintiff's claim depends upon written contracts and papers set out in the statement and the affidavit of defense raises no issue of fact by denying any part of the statement except the inferences from the face of the papers, it is a question of law for the court to decide. . . .": Ryon v. Starr (No. 1), 214 Pa. 310, 317 (1906).

In determining the meaning of the term "annual financial statement" the court properly gave the words their plain, ordinary and popular meaning as there is no real evidence that the words in the June 8, 1961 agreement were to be used in any different way: Burton v. Forest Oil Co., 204 Pa. 349 (1903). The word annual means occurring once a year, yearly.

Furthermore, the court took into consideration testimony of defendants' own witness, who indicated that the May 31, 1973 report was not an annual financial statement. Consequently, the testimony supporting plaintiff's claim was conclusive and the trial court correctly directed a verdict in favor of plaintiff. There was no real factual controversy for the jury to resolve: Cromley v. Pennsylvania Railroad Co., 211 Pa. 429 (1905).

## ORDER

And now, April 7, 1975, defendants' motion for a new trial is refused and the prothonotary is directed to enter judgment on the verdict.