502 A.2d 230

**SUBURBAN MECHANICAL CONTRACTORS, INC.**

v.

**John E. LEO and Mary Leo.**
**Appeal of John E. LEO.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Dec. 20, 1985.

---

Richard A. Breuer, Paoli, for appellant.

Before ROWLEY, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

This appeal arises from the Order of January 2, 1985 opening judgment and permitting Mary M. Leo to enter a defense but denying the Petition to Open and/or Strike Judgment as to the Appellant, John E. Leo.

The factual history indicates that the note at the center of this dispute arose out of a condominium construction project owned and developed by Charlestown Arms Corporation of which the Appellant was president and his wife secretary.

The Appellee's principal, John H. Taggart, had entered into contracts with Charlestown Arms for various plumbing and mechanical services on the condominium project. The contracts were solely between the corporations and did not involve the Leos individually.

Subsequently, the Appellee filed a Mechanic's Lien Claim against Charlestown Arms for unpaid work. Negotiations ensued and the parties entered two separate settlement agreements resulting in the mechanic's lien being released.

Charlestown Arms again developed delinquency problems. Following a discussion between Mr. Taggart and the Appellant, the note at issue here was executed. The Appel-

lee alleges the note was the Leo's personal guarantee of Charlestown's indebtedness. The Leo's allege the note was procured by fraud, that there was no consideration to them for the execution of the note, that they were not personally indebted to Appellee, and that part of the sum represented by the note had previously been settled.

The Appellee entered judgment by confession against Mary M. Leo and Appellant pursuant to the note. The Leo's petitioned to Open and/or Strike Judgment. The trial court granted the petition as to Mary M. Leo but denied the Petition to Open and/or Strike Judgment as to the Appellant since he failed to produce sufficient evidence in support of his defenses to require submission of the issue to a jury. It is from this order that Appellant appeals.

On appeal, the Appellant contends that in order to open a judgment by confession, a defendant's proffered proof of meritorious defense need not meet the stringent standard of "clear and convincing" evidence as applied by the trial court.

We begin our discussion by noting that traditionally "(a) judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury." *First Seneca Bank v. Laurel Mt. Development Corporation*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984). "Once a ruling either opening or refusing to open a confessed judgment is appealed, we, as an appellate court, will refrain from reversing a trial court's decision unless it is shown that the court committed an error of law or manifestly abused its discretion." *Lambakis v. Exar*, 340 Pa.Super. 483, 488, 490 A.2d 882, 884 (1985) citing *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967).

With respect to Appellant's defense of fraudulent inducement the trial court stated, "we determine the defendant's proffered testimony to be less than clear and convincing". Trial Court Opinion at 6. As to the Appellant's allegation that there was no consideration to them for the execution of

the note, the trial court found "the defendant has not introduced clear and convicing evidence that no benefit to Charlestown Arms accrued ..." Trial Court Opinion at 8. Since consideration for the note was found, it was determined that the Appellant's defense of no underlying debt was without merit. Trial Court Opinion at 8. Nevertheless, the trial court noted the Appellant failed to refute proof of the existence of the underlying debt by clear and convincing evidence. Trial Court Opinion at 8–9. Finally, the trial court determined that an agreement between the parties was insufficient to be the basis of an accord and satisfaction defense. Trial Court Opinion at 10–11.

Resolution of the issue in this case is controlled by reference to Pa.R.C.P. 2959(e) which provides with respect to confessed judgments,

> that 'if evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment'. (citation omitted) This rule determines the standard to be applied in determining whether a moving party has properly averred a meritorious defense. (citation omitted) The test in evaluating the petitioner's evidence is whether there is a sufficiently disputed issue to go to the jury. (citation omitted).

*Haggerty v. Fetner,* 332 Pa.Super. 333, 343, 481 A.2d 641, 646 (1984).

We recently reiterated that "(t)he standard of sufficiency a court must employ is that of the directed verdict—viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment." *Germantown Manufactoring Co., v. Rawlinson, Jr.,* 341 Pa.Super. 42, 46–47, 491 A.2d 138, 140–41 (1985) citing *Weitzman v. Ulan,* 304 Pa.Super. 204, 209, 450 A.2d 173, 176 (1982). Furthermore, "(r)ule 2959(e) has been interpreted since its promulgation in 1973 as prohibiting a court from 'weighing' the sufficiency of the evidence." *First Pennsylvania Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 193, 438 A.2d 600, 602 (1981). Pre 2959(e), the judgment debtor was required

to offer clear, direct precise and convincing evidence and the trial court was to weigh the sufficiency of the evidence in this light. *First Pennsylvania Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 201, 438 A.2d 600, 606–607 (1981). "(T)he key change cause by 2959(e) ... is the elimination of the requirement of 'convincing' evidence; for 'convincing' evidence by definition requires a weighing of the evidence ... now that requirement has been substantially liberalized to require only clear, direct, and precise and 'believable' evidence ..." *First Pennsylvania Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 201–202, 438 A.2d 600, 607 (1981).

The trial court cites *Owens v. McCurdy,* 304 Pa.Super. 510, 450 A.2d 1028 (1982) in support of the proposition that the petitioner must proffer clear and convincing evidence to substantiate his averments. Reliance on *Owens* in this instance is misplaced. The *Owens* court merely stated this proposition as dicta and in so doing relied upon *Johnson v. Leffring,* 211 Pa.Super. 84, 235 A.2d 435 (1967). *Johnson* however predates by some six years the amendment to Pa.R.C.P. 2959(e) that sets forth the standard by proof that now governs. Accordingly, the order of the lower court is reversed and the case remanded. Jurisdiction relinquished.