## Swaby Law Firm v. James

*Lola M. Swaby,* for plaintiff.
*Karen James,* pro se.

ZULICK, *J.,* July 25, 2008—This opinion addresses the petition to strike or open judgment filed by defendant Karen James. Plaintiff, The Swaby Law Firm filed a complaint for confession of judgment on March 7, 2008, confessing judgment against James on a note James allegedly signed on January 15, 2008, in which James promised to pay Swaby $1,400. The prothonotary entered judgment on March 10, 2008 against James in the amount of $1,544.50 based upon the complaint and confession of judgment filed by Swaby.

James filed a petition to strike or open the judgment on March 28, 2008. James contended among other things,

that she did not sign the note and the agreement which was the subject of the confessed judgment. A rule was issued on James' petition and Swaby filed an answer to the rule. A hearing was held on the petition to strike or open on July 14, 2008.

James presented testimony at the hearing from herself and her husband to the effect that she did not sign the agreement and note which form the basis of the confession of judgment. James' husband testified that he was at the Swaby office on the day James was alleged to have signed the documents and supported James' version of events. James agreed that Swaby did lend her the sum of $1,400, but she denied signing the agreement, and disputed some of its terms. Under James' version of events, she had until August 30, 2008 to repay the loan.

James has filed both a petition to strike and a petition to open. She makes no allegation that there is an obvious defect in the note authorizing the confession that can be determined as a matter of law from the face of the document. "If the alleged defect in the confessed judgment is based on a matter dehors the record, the proper approach is to petition the court to open the judgment. On the other hand, a motion to strike is proper only when the defect in the original judgment appears on the face of the record. *Triangle Building Supplies and Lumber Co. v. Zerman,* 242 Pa. Super. 315, 320, 363 A.2d 1287, 1289 (1976)." *J. F. Realty Co. v. Yerkes,* 263 Pa. Super. 436, 440, 398 A.2d 215, 217 (1979). (citations omitted)

James' contention is that she did not sign these documents. Proof of that proposition requires consideration

of evidence beyond an examination of the documents and pleadings of record. James' motion to strike the judgment will therefore be denied.

James has also petitioned to open the judgment. A confessed judgment will be opened only when the petitioner "acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury." *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corporation,* 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984). In making this determination, the court employs the same standard as "that of the directed verdict—viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment." *Suburban Mechanical Contractors Inc. v. Leo,* 348 Pa. Super. 324, 327, 502 A.2d 230, 232 (1985). Rule 2959(e) of the Pennsylvania Rules of Civil Procedure provides that "in a proceeding to open a confessed judgment, if evidence is produced which, in a jury trial, would require the issues to be submitted to the jury, the court shall open the judgment." Pa. R.C.P. 2959(e) has been interpreted to require the judgment debtor to offer clear, direct, precise and "believable" evidence of its meritorious defense. *Suburban,* 348 Pa. Super. at 328, 502 A.2d at 232; *First Pennsylvania Bank N.A. v. Lehr,* 293 Pa. Super. 189, 201-202, 438 A.2d 600, 607 (1981); *Iron Worker's Savings and Loan Association v. IWS Inc.,* 424 Pa. Super. 255, 262, 622 A.2d 367, 370-71 (1993).

Here, James filed a timely petition to open. She has presented evidence, corroborated by her husband, that

she did not sign the documents supporting the confession of judgment and that the loan she received from Swaby was obtained on terms different from those which appear in the alleged written agreement. Viewing only the evidence produced by the petitioner, Karen James, as the law requires the court to do, a meritorious defense has been raised and evidence has been produced in support of that defense. Swaby presented testimony and evidence at the hearing that the agreement and note were in fact signed by James. These disputed factual questions will be determined by the trier of fact.

The confessed judgment will be opened and defendant will be given leave to file an answer.

## ORDER

And now, July 25, 2008, following a hearing on defendant Karen James' petition to strike or open a confessed judgment, it is ordered as follows:

(1) The petition to strike the judgment is denied.

(2) The petition to open the judgment is granted and the judgment is opened.

(3) Defendant shall file an answer to the complaint within 20 days.

(4) The matter shall thereafter proceed to arbitration in accordance with the Rules of Civil Procedure.