# Kirkwood v. Andrews

C.P. of Lawrence County, no. 10448 of 2010.

*Charles P. Sapienza Jr.,* for plaintiff.
*Bradley G. Olson Jr.,* for defendants.

COX, *J.,* June 28, 2010—Before the court for disposition is the petition to open judgment filed on behalf of the defendants Charles A. Andrews and Custom Curb Creations Inc., which argues that a contract was not formed between the parties because Mr. Andrews did not perform the condition precedent of obtaining a loan for the $27,000 due at the execution of the contract.

Charles A. Andrews entered into negotiations with the plaintiff to purchase Custom Curb Creations Inc., which is a corporation with its principal place of business located at 3238 Penny Lane, New Castle, Lawrence County, Pennsylvania. According to the plaintiff's complaint, the parties entered into a stock and asset purchase agreement on June 12, 2009. Mr. Andrews was required to pay $49,000 for Custom Curb Creations Inc., which included a $27,000 cash payment at the time of closing of the agreement and an additional payment of $22,000

plus 3.5 percent simple interest to be paid in 34 monthly installments of $1,000 according to a certain schedule set forth by the agreement. However, at closing, Mr. Andrews failed to provide the plaintiff with the initial $27,000. It must be noted that Mr. Andrews was pre-approved for a loan, but was later denied the same after his financial institution examined the business records from Custom Curb Creations Inc. Upon execution of the agreement, Mr. Andrews began doing business as Custom Curb Creations Inc. and utilizing the equipment pur-chased in the agreement. Mr. Andrews has paid $4,500 toward the outstanding debt created in the agreement, but has not made any other payments toward the remain-ing $45,500.

The plaintiff filed suit to recover the outstanding debt and has obtained a judgment in the amount of $22,577.49 on March 22, 2010, pursuant to a confession of judgment executed as part of the agreement. On March 31, 2010, the defendants filed this petition to open judgment claim-ing that Mr. Andrews did not satisfy a condition precedent to the agreement because he was unable to obtain a loan in the amount of $27,000, even though he was informed that he was already pre-approved for the same.

Opening a confessed judgment is governed by Pa.R.C.P. 2959(e), which states:

"The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which

in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."

In order to open a confessed judgment pursuant to Pa.R.C.P. 2959(e), "the petitioner must act promptly, allege a meritorious defense, and provide sufficient evidence to create an issue for the jury." *Crum v. F.L. Shaffer Co,* 693 A.2d 984, 986 (Pa. Super. 1997). In other words, the petition must establish each of the following: "(1) the petition to open was timely filed; (2) the default can be reasonably explained; and (3) facts in support of a proper defense are alleged." *Melvin v. Melvin,* 398 Pa. Super. 1, 18, 580 A.2d 811, 819 (1990) (citing *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472 (1984); *Zellman v. Fickenscher,* 452 Pa. 596, 598, 307 A.2d 837, 838-39 (1973)). The petition must provide the court with clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. *Germantown Savings Bank v. Talacki,* 441 Pa. Super. 513, 520, 657 A.2d 1285, 1289 (1995) (citing *Iron Worker's Savings and Loan v. IWS Inc.,* 424 Pa. Super. 255, 261, 622 A2d 367, 370 (1993)).

In order to determine whether the defendant has presented sufficient evidence to open a confessed judgment, the court must employ the same standards as a directed verdict. *Crum,* 693 A.2d at 986 (citing *Suburban Mechanical Contractors Inc. v. Leo,* 348 Pa. Super. 324, 327, 502 A.2d 230, 232 (1985)), "If there is a conflict of evidence, and the conflict provides a basis upon which a jury could possibly render a verdict for the party against whom the directed verdict is sought, the case must go to the jury."

*Krupa by Krupa v. Williams,* 316 Pa. Super. 408, 415, 463 A.2d 429, 432 (1983) (citing *Cox v. Equitable Gas Co.,* 227 Pa. Super. 153, 324 A.2d 516 (1974)). "However, the conflict must be real. If there is no more than a scintilla of evidence on the side ruled against, and a jury could not base its verdict upon that evidence, a directed verdict may still be proper." *Id.* (citing *Cromley v. Pa. R. Co.,* 211 Pa. 429, 60 A. 1007 (1905)). The trial court is required to view the facts in a light most favorable to the non-moving party and must accept as true all of the evidence which supports that party's contention and reject all adverse testimony. *McSorley v. Deger,* 905 A.2d 524, 528 (Pa. Super. 2006) (citing *Faherty v. Gracias,* 874 A.2d 1239, 1246 (Pa. Super. 2005)). A directed verdict should not be granted where there are factual issues to be submitted to the jury. *Austin v Harnish,* 227 Pa. Super. 199, 204, 323 A.2d 871, 874 (1974) (citing *Montgomery v. Greene County Clay Products Co.,* 205 Pa. Super. 515, 210 A.2d 911 (1965)).

The current case requires that the court examine whether the ability of Mr. Andrews to obtain a loan from the initial down payment of $27,000 was a condition precedent to the contract executed by the parties. A condition precedent is defined as a condition that must occur before a duty to perform under a contract arises. *Village Beer and Beverage Inc. v. Vernon D. Cox & Co.,* 327 Pa. Super. 99, 109, 475 A.2d 117, 122 (1984) (citing Restatement (Second) of Contracts §§224, 230 (1981)). "Generally, an event mentioned in a contract will not be construed as a condition precedent unless expressly made such a condition," *West Development Group Ltd. v. Horizon Financial F.A.,* 405 Pa. Super. 190, 199, 592

A.2d 72, 76 (1991) (citing *American Leasing v. Morrison Co.,* 308 Pa. Super. 318, 325-27, 454 A.2d 555, 559 (1982)). Although it is not necessary for the parties to utilize particular words in creating a condition precedent, there must be some evidence of a clear intent to create a condition precedent. *Acme Markets Inc. v. Federal Armored Express Inc.,* 437 Pa. Super, 41, 46, 648 A.2d 1218, 1220 (1994) (citing *Village Beer and Beverage Inc., supra*).

The defendants claim that Mr. Andrews was under the belief that his ability to obtain a loan was a condition precedent for the contract is based upon alleged oral representations or negotiations made prior to the execution of the written agreement. "Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement." *Scott v. Bryn Mawr Arms.,* 454 Pa, 304, 307, 312 A.2d 592, 594 (1973) (quoting *Martin v. Berens,* 67 Pa. 459, 463 (1871); *Irvin y. Irvin,* 142 Pa. 271, 287, 21 A. 816 (1891)). In order for the parol evidence rule to apply, the writing must represent the entire contract between the parties. *Yocca v. Pittsburh Steelers Sports Inc.,* 578 Pa. 479, 497, 854 A.2d 425, 436 (2004) (citing *Gianni Russell & Co.,* 281 Pa. 320, 126 A. 791, 792 (1924)). The parol evidence rule provides that in circumstances where the parties put their agreement in writing, the written agreement cannot be altered or contradicted by parol evidence. *International Milling Co. v. Hachmeister Inc.,* 380 Pa. 407, 414, 110 A.2d 186, 190 (1955). "[S]o, the parol evidence rule insures the integrity of written memorials adopted by the parties to an agreement as evi-

dencing the whole of their contractual undertakings," *Id.*

"All preliminary negotiations, conversations, and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to, nor subtracted from, by parol evidence," *Rosner v. Zurich Insurance Co.,* 197 Pa. Super. 90, 93, 177 A.2d 30, 31-32 (1962) (citing *Keleher v. LaSalle College,* 394 Pa. 545, 147 A.2d 835 (1959)), "Alleged prior or contemporaneous oral representations or agreements concerning subjects that are specifically dealt with in the written contract are merged in or superseded by that contract." *McGuire v. Schneider Inc.,* 368 Pa. Super. 344, 349, 534 A.2d 115, 117 (1987) (citing *Bardwell v. Willis Company,* 375 Pa. 503, 507, 100 A.2d 102, 104 (1953)). In order to determine if the writing is the entire contract, the court must examine the whole writing and if it appears that the contract is complete and imports a complete legal obligation, without uncertainty, it is conclusively presumed that the whole agreement between the parties was reduced to writing. *Gianni,* 281 Pa. at 323, 126 A. at 792. An integration clause has the effect of making the parol evidence rule particularly applicable, *McGuire, supra* (citing *National Cash Register Co. v, Modern Transfer Co. Inc.,* 224 Pa, Super. 138, 144, 302 A.2d 486, 489 (1973)).

In the case sub judice, the parties entered into a written agreement on June 12, 2009. Mr. Andrews agreed to purchase Custom Curb Creations Inc,, from the plaintiff

for the amount of $49,000. The agreement required Mr. Andrews to pay $27,000 at the execution of the written contract and the remaining balance was to be paid with simple interest in 34 monthly payments of $1,000. The defendants now argue that during negotiations, Mr. Andrews was informed that his ability to obtain a loan for the $27,000 payment due at the execution of the agreement was a condition precedent to entering the contract However, the written agreement does not mention Mr. Andrews ability to obtain the loan as a condition precedent.[1] Additionally, article XV of the agreement explains, "This agreement states the entire agreement reached between the parties hereto with respect to the transactions contemplated hereby and supersedes all prior contemporaneous agreements, understandings, representations and warranties between the parties, and may not be amended except by written instrument executed by the parties hereto."

Mr. Andrews testified that he was under the belief that the contract would be contingent upon his ability to obtain a loan for the $27,000 payment due at the execution of the agreement. However, that testimony is barred by the parol evidence rule as it is evidence of a contemporaneous oral negotiation or agreement that is not mentioned in the written contract. In fact, that condition precedent was a preliminary negotiation that was superseded by the final written contract, Additionally, the

---

1. It must be noted that Mr. Andrews was informed in article VII of the written agreement that the law firm of Sapienza and Bonner LLC, and Attorney Charles P. Sapienza Jr., prepared the documents and did not represent Mr. Andrews personally.

contract contains an integration clause that states the written agreement is the entire agreement reached by the parties and it supersedes all other contemporaneous representations. Mr. Andrews made the decision to proceed with the contract even though it did not specifically set forth that the agreement was contingent upon his ability to obtain a loan for the payment due at execution of the agreement. Furthermore, the defendants have not averred fraud, accident or mistake to permit the contract to be added to or subtracted from by parol evidence. As a result, the written agreement contains the entire agreement between the parties and is the best evidence of the contract between the plaintiff and Mr. Andrews for the purchase of Custom Curb Creations Inc. The parol evidence rule precludes any evidence of negotiations or representations prior to the execution of the agreement, including Mr. Andrews' testimony regarding a condition precedent. Therefore, there is no conflict in evidence that would require this case to proceed to a jury.

For the reasons set forth in this opinion, the defendants' petition to open judgment is denied.

## ORDER

Now this June 28, 2010, this case being before the court on May 3, 2010, for a hearing/argument on the petition to open judgment filed by the defendants, with both parties appearing, the plaintiff, Michael Kirkwood, represented by counsel, Charles P. Sapienza Jr., Esquire, and the defendants, Charles A. Andrews and Custom Curb Creations Inc. appearing personally and through counsel, Bradley G. Olson Jr., Esquire and after a hearing held, the court enters

the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the petition to open judgment filed by the defendants is hereby denied.

(2) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Charles P. Sapienza Jr., Esquire and Bradley G. Olson Jr., Esquire.