# King, Appellant, *v.* Lancaster County Mutual Insurance Company.

*Insurance—Fire insurance—Insurable interest—Husband and wife.*

1. Where a husband conveys to another a dwelling house insured in a mutual fire insurance company, and on the same day the grantee conveys the property to his grantor's wife, and no notice is given to the insurance company of the change of ownership, and the house is thereafter totally destroyed by fire, there can be no recovery upon the

policy. In such a case the fact that on the reconveyance to the wife the husband acquired an interest as tenant by the curtesy is immaterial.

2. A sale of property insured does not carry with it the policy of insurance. The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. When he parts with the title to, and the possession of the property, and has no further interest in it, he can sustain no loss or damage by its destruction, but the loss, if any, is that of his grantee. In the absence of an assignment, the grantee cannot recover on the policy, because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss.

Argued Nov. 14, 1910. Appeal, No. 7, Oct. T., 1910, by plaintiff, from judgment of C. P. Lancaster Co., Jan. Term, 1909, No. 21, on verdict for defendant in case of W. D. King, to use of R. V. Alexander, his Trustee in Bankruptcy, v. The Lancaster County Mutual Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before LANDIS, P. J.,

The opinion of the Superior Court states the facts of the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*E. M. Gilbert* and *T. B. Holahan*, with them *R. V. Alexander* and *A. F. Shenck*, for appellant.—There was no reservation in the policy declaring that if the insured conveyed the property to a third person, or persons, the insurance should become null and void without the consent of the insurance company. In the absence of such a reservation the policy did not become null and void: Rouse's Est. v. Directors of the Poor of McKean County, 169 Pa. 116; Clarke's App., 79 Pa. 376.

*Chas. W. Eaby,* for appellee.—The sale to Obreiter did not carry with the property the policy of insurance: Olyphant Lumber Co. v. People's Mutual Live Stock Ins. Co., 4 Pa. Superior Ct. 100; Snodgrass v. Southern Mutual Ins. Co., 14 Lanc. L. R. 377.

The sale from Obreiter to Sadie A. King, wife of William D. King, did not reinstate the interest of William D. King, as owner, or restore the policy without the consent of the insurer: Bemis v. Ins. Co., 200 Pa. 340; Chulek v. Ins. Co., 30 Pa. Superior Ct. 435.

A husband has an insurable interest in the real estate of his wife. His tenancy by the curtesy is created by her acquisition of the property: Harris v. York Ins. Co., 50 Pa. 341.

The question, in a case of this kind, is not whether the assured had an insurable interest; but, whether he had the interest described in the policy: Duda v. Home Ins. Co.; 20 Pa. Superior Ct. 244. King had an insurable interest, but he did not have that interest insured.

OPINION BY ORLADY, J., March 3, 1911:

On May 25, 1891, W. D. King became the fee simple owner of a tract of land with improvements thereon described in his deed from A. L. Neff and wife. On August 14, of that year, the defendant company issued its policy of insurance to W. D. King, on the frame dwelling house erected on the land conveyed by Neff to him. On October 4, 1905, during the life of this policy, W. D. King and wife conveyed this property to C. H. Obreiter, and on the same day Obreiter conveyed it to Sadie A. King, the wife of W. D. King. On neither conveyance was there any reference made to the insurance policy, nor was it transferred or assigned by W. D. King to anyone—nor was any notice given to the company of the change of ownership.

On October 30, 1907, the frame building was totally destroyed by fire, when W. D. King gave notice to the company of the fire and that he claimed the proceeds of

the policy. On October 7, 1907, an assessment was made by the company, notice thereof being sent to W. D. King, the supposed owner, who paid the assessment on December 7, 1907, to an agent of the company, but the amount was immediately returned by the company to King who refused to accept it.

The record shows that the company had no notice or knowledge of the transfer of the title from King to Obreiter or from Obreiter to Sadie A. King until after the fire. Under the terms of the charter and by-laws of this mutual company the assured becomes a member of the company, and it is by reason of his membership that an assured is entitled to recover for a loss by fire of the property described in the policy. No one but a member is entitled to so recover, and Mrs. Sadie A. King was not a member under this or any other policy.

If W. D. King had no interest in the property at the time of the fire, it is against public policy to permit him to recover the insurance: Gilbert v. Moose, 104 Pa. 74. The whole subject is disposed of by Judge RICE, in Olyphant Lumber Company v. People's Mutual Live Stock Insurance Company, 4 Pa. Superior Ct. 100, as follows: "A sale of property insured does not carry with it the policy of insurance. The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. When he parts with the title to, and the possession of the property, and has no further interest in it, he can sustain no loss or damage by its destruction, but the loss, if any, is that of his grantee. In the absence of an assignment, the grantee cannot recover on the policy, because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss." See also Kompa v. Franklin Fire Insurance Co., 28 Pa. Superior Ct. 425; Bemis v. Harborcreek Mutual Fire Ins. Co., 200 Pa. 340.

The plaintiff did not change or affect his right to recover on this policy by the payment of an assessment which had

been levied before the fire when the company believed, and had a right to believe, so far as his actions informed it, that he was the owner of the property. The conveyance to Obreiter rendered the policy void: Chulek v. United States Fire Insurance Co., 30 Pa. Superior Ct. 435. Nor is his case helped by the fact that the reconveyance to his wife gave him an interest as tenant by the curtesy. This contention might have merit if he had insured the property after the wife had acquired title, but it is not suggested that the insurance was affected to protect that interest. The question is not whether the assured had an insurable interest, but whether he had the interest described in the policy: Duda v. Home Insurance Co., 20 Pa. Superior Ct. 244; Beddall v. Citizens' Insurance Co., 28 Pa. Superior Ct. 600.

The court properly directed the jury to return a verdict for the defendant.

The judgment is affirmed.