Donovan, Appellant, *v.* New York Casualty Company.

Argued November 21, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Raymond T. Law,* for appellant.

*James W. Scanlon,* with him *David J. Conroy,* for appellee.

OPINION BY MR. JUSTICE BELL, February 13, 1953:

Plaintiff appeals from a judgment which sustained defendant's preliminary objections to a complaint in assumpsit.

Plaintiff brought an action in assumpsit upon a policy of comprehensive personal liability insurance issued by the defendant company to Margaret Donovan on January 15, 1946. The policy included coverage of the pesonal liability risk at premises located at 302-304 Pittston Avenue, Scranton, Pa., for a term of three years.

The named insured, Margaret Donovan, died testate October 6, 1948, devising the premises to the plaintiff, her son, who on or about November 10, 1948, notified a general agent of the company of his succession to the property and requested that the policy be endorsed to name him as insured. The policy was not endorsed to note the change.

On November 26, 1948, the company issued a renewal policy on the same risk to commence on the expiration date of the old policy, January 15, 1949, and again named Margaret Donovan as insured.

On December 21, 1948, one William Murray Donovan, Jr., sustained personal injuries in a fall in front of the insured premises, and thereafter recovered a verdict and judgment of $3,000. against the owner of the property, who is the present plaintiff.

Due notice was given the casualty company of the accident, and an investigation was made by it. The company refused to assume liability or defend the suit or pay the judgment.

The company on January 17, 1949, endorsed the renewal policy to name the new owner, but offered no return of the unearned premium on the original policy until December 5, 1949. The tender of the unearned premium was refused by the plaintiff.

The policy contained a provision that "Death of the named insured terminates this policy unless within sixty days after such death *written** notice is given to

---

* Italics throughout, ours.

the company designating a named insured, in which event the person so designated becomes the named insured from the date of such death." The defendant filed preliminary objections on the ground that *no written* notice of the death had been given the company as required by the terms of the policy and that no contract existed between the plaintiff and the defendant upon which a suit could be based.

The Court of Common Pleas sustained the preliminary objections, dismissed the complaint and entered judgment for defendant.

Plaintiff concedes that *written* notice designating a named insured was not given as required by Paragraph 15, but contends as stated in his brief "The suit has been pleaded on the theory that the *company has waived* the requirement of written notice and is, therefore, estopped from asserting it, and this is so even though the policy contains a provision to the effect that notice or knowledge of an agent shall not effect a waiver or estop the company from asserting any right."

At the time that the plaintiff's liability (in tort) as the owner of the property arose, Margaret Donovan was the named insured in the policy and plaintiff had no interest or rights therein. By the clear and explicit terms of the policy the policy terminated upon the death of the named insured, unless, within 60 days thereafter, certain notices were given to the Company. These requirements or conditions were not met. This policy was not an insurance of the property without regard to the ownership; this was a personal contract of indemnity to which plaintiff was a stranger; and a stranger to a contract of insurance is not in a position to invoke an estoppel or waiver of a condition in the policy: *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A. 2d 828; *King v. Lancaster County Mutual*

*Insurance Company,* 45 Pa. Superior Ct. 464; *Antone v. New Amsterdam Casualty Co.,* 335 Pa. 134, 6 A. 2d 566.

In *Spires v. Hanover Fire Insurance Co.,* 364 Pa., supra, Mr. Justice, now Chief Justice, STERN said (p. 55-56): "The sole question is whether plaintiffs can recover on a fire insurance policy in which they are not named as a party and in which they are not referred to in any manner whatsoever. . . . A policy of fire insurance is a personal contract of indemnity against such loss as the insured may sustain; the insurance is not of the property as such, but of the interest of the insured in the property: Gorman's Estate, 321 Pa. 292, 295, 184 A. 86, 87; Olyphant Lumber Co. v. Peoples' Mutual Live Stock Insurance Co. of Philadelphia, 4 Pa. Superior Ct. 100, 104; Abbottsford Building & Loan Association v. William Penn Fire Insurance Co., 130 Pa. Superior Ct. 422, 426, 197 A. 504, 506."

In *King v. Lancaster County Mutual Insurance Company,* 45 Pa. Superior Ct., supra, a husband conveyed a dwelling house, which was insured in his name, to a grantee who, the same day, conveyed the property to the grantor's wife. The house was thereafter totally destroyed by fire. The Court held there could be no recovery on the policy and said (p. 467): " 'A sale of property insured does not carry with it the policy of insurance. The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. When he parts with the title to, and the possession of the property, and has no further interest in it, he can sustain no loss or damage by its destruction, but the loss, if any, is that of his grantee. In the absence of an assignment, the grantee cannot recover on the policy,

because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss.' See also Kompa v. Franklin Fire Insurance Co., 28 Pa. Superior Ct. 425; Bemis v. Harborcreek Mutual Fire Ins. Co., 200 Pa. 340."

The doctrine of waiver or estoppel cannot apply to or create a contract where none existed. *Antone v. New Amsterdam Casualty Co.*, 335 Pa., supra, is on all fours with and decisive of the instant case. In that case, Wayne Watterson, on February 1, 1931, took out a personal liability insurance policy covering his Austin automobile. On April 3, 1931, Wayne Watterson died intestate, leaving as his only heir his father, C. H. Watterson, and his only possession the Austin car. On January 6, 1932, one Martz, while operating the Austin car, injured Antone. On January 11, 1932, the Department of Motor Vehicles transferred the title of the Austin car to C. H. Watterson and issued to him the registration plates for 1932. On October 23, 1933, Antone commenced an action in trespass against C. H. Watterson for the injuries he sustained in the accident of January 6, 1932. The Insurance Company entered an appearance and filed an affidavit of defense to Antone's statement of claim in trespass and in the affidavit of defense averred that at the time of the accident C. H. Watterson was the owner of the Austin car. On May 1, 1934, the Insurance Company discovered the actual facts and disclaimed liability and withdrew its appearance. On January 10, 1935, Antone recovered a verdict and judgment against C. H. Watterson and issued attachment execution against the Insurance Company. Recovery was denied by this Court which held, inter alia, that insurance contracts cannot be created by estoppel or waiver. The Court said (p. 138) : "At the time of the accident, January 6, 1932, C. H. Watterson had acquired no rights under the

policy covering this Austin touring car. He was then a total stranger to the insurance policy herein invoked. . . . Before a court can say that a company is estopped to deny that 'it waived the condition of the policy,' there must be a covering policy. But where there is no policy, there is no condition to be waived. . . . Here the doctrine of estoppel is being used, not to make a contract operative, but to create a contract where none existed. In McCoy v. Northwestern Mutual Relief Assn., 92 Wis. 577, 66 N.W. 697, 699, the Supreme Court of Wisconsin said: 'What is insisted upon is not really the waiver of a forfeiture, or an equitable estoppel against insisting upon a condition of the policy, the violation of which would otherwise work a forfeiture. . . . What is here sought is not to prevent a forfeiture but to make a new contract. . . .'"

We find no merit in any of plaintiff's contentions. Judgment affirmed.

Mr. Justice MUSMANNO dissents.