## Rosner, Appellant, *v.* Zurich Insurance Company.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Alan Kahn,* with him *Winokur & Kahn,* for appellant.

*Albert L. Bricklin,* with him *Bennett and Bricklin,* for appellee.

OPINION BY MONTGOMERY, J., January 16, 1962:

This is an appeal from an order sustaining the preliminary objections of the appellee insurance company and entering judgment in its favor. Since preliminary objections by way of demurrer accept as true all the facts pleaded by the party against whom the objection is made, we assume the following to be the actual circumstances which gave rise to the present issue.

Appellant is a partner in the firm of A. Servetnick & Sons of Philadelphia, Pennsylvania. In August of 1958 the firm consulted the appellee company with reference to purchasing a group disability policy which would provide certain desired coverage for the employes and members of the firm. In response to the inquiry the appellee sent an employe, Alvin Brockow, whom it represented to be the insurance company's expert and specialist upon the subject of group disability insurance policies, to consult with members of the partnership firm, including the appellant. Brockow represented to them that the appellee company's policy

would completely cover both partners and their employes in the event of any injury, sickness, or disease which any of them might suffer. Brockow stated that the "occupational exclusion" contained in part VII of the policy was designed to exclude only such injuries and sicknesses as were compensable under the Workmen's Compensation Act of Pennsylvania.

Consequently, Brockow advised them, since all of the partners and employes would be fully covered either under this group policy or their workmen's compensation insurance, it would no longer be necessary for the firm to retain certain agreements of insurance which it then had in effect with the Associated Hospital Service of Philadelphia and the Medical Association of Philadelphia, commonly known as Blue Cross and Blue Shield. Solely in reliance on these representations by Brockow, the firm, with the knowledge and consent of the appellant, cancelled its Blue Cross and Blue Shield coverage. The new contract of insurance with the appellee company was delivered on September 1, 1958.

On March 23, 1960 the appellant sustained certain injuries which disabled him from engaging in his occupation for a period of over four months and caused him to suffer a financial loss of approximately $3,000. Appellant filed a claim under the Zurich Insurance Company policy, but the company refused to pay benefits on the ground that the injury arose out of the appellant's occupation and was therefore noncompensable under part VII of the policy. Appellant, as a partner, is not covered by workmen's compensation insurance.

Appellant contends that on the basis of these facts an estoppel has occurred which prevents the company from pleading this "occupational exclusion" under part VII, and, that the lower court erred in its application of the parol evidence rule since the appellant is not attempting to alter or vary the terms of a written contract by means of a prior oral agreement.

The parol evidence rule is applicable in cases where the cause of action rests entirely on an alleged oral understanding of the parties on a matter which is dealt with in a written contract. Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791; *Black v. Cinquegrani*, 163 Pa. Superior Ct. 157, 60 A. 2d 898; *Frederick Estate*, 156 Pa. Superior Ct. 547, 41 A. 2d 59. All preliminary negotiations, conversations, and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to, nor subtracted from, by parol evidence. *Keleher v. LaSalle College*, 394 Pa. 545, 147 A. 2d 835; certiorari denied 361 U.S. 12, 80 S. Ct. 66, 4 L. Ed. 2d 50; *Fischer v. Anderson*, 173 Pa. Superior Ct. 175, 96 A. 2d 168.

. . Here there were no allegations of fraud, accident, or mistake. The alleged extra contractual oral understanding concerns a matter dealt with several times in the written contract sued upon.

Part VII, the clause in contention which appears on the face of the policy, states: "Exclusions. This policy does not apply to bodily injuries, sickness or disease (a) arising out of any occupation or employment for wages or profit; . . ."

It must be presumed, therefore, that the written contract was meant to represent all of the transaction on this matter, and, to enforce any alleged oral understanding to the contrary would directly violate the parol evidence rule. The provisions of the policy are clear and unambiguous. It can be assumed that the appellant and his partners, as businessmen, did know, or should have known, the plain meaning of the ordinary unambiguous language used in the contract,

The appellant cites several cases for applicability of the doctrine of estoppel in insurance cases: *Francois v. Automobile Insurance Company of Hartford, Connecticut*, 349 Pa. 360, 37 A. 2d 525; *Hoffman v. Mutual Fire Insurance Co. of Reading*, 274 Pa. 292, 117 A. 917. These cases hold that where an insurance agent, prior to the issuance of a policy, knows that particular representations made by a prospective policy holder are untrue or that certain factual conditions prerequisite to the application or the taking effect of the policy do not exist, the insurer may be estopped from asserting in defense of an action on the policy that the representations are untrue or that the necessary factual conditions do not exist. However, these cases do not stand for the proposition that a misrepresentation by one of its agents will estop an insurer from defending against a claim on the ground that it is not within the written provisions of the insurance contract. The doctrine of waiver or estoppel cannot apply to, or create, a contract where none existed. *Donovan v. New York Casualty Company*, 373 Pa. 145, 94 A. 2d 570.

It is common sense and an accepted rule of law that a person has a duty to read a contract before executing it, and his failure to do so will not excuse his ignorance of its contents. Here, the appellant and his partners were not justified in relying upon oral representations clearly contradictory to the clear and concise written terms of the policy.

Order affirmed.