## Kistler v. Royal Blue Coaches, Inc.

*Philip W. Sheeler*, for plaintiff.

*Butz, Hudders, Tallman & Wieand*, for defendant.

HENNINGER, P. J., April 1, 1963.—Plaintiff sued defendant in assumpsit for $324.20, representing the value of a piece of luggage and its contents entrusted

to the driver of defendant's bus, headed from Allentown, Pennsylvania, to New York City.

Defendant proferred $25, the sole amount for which it concedes responsibility under National Baggage Tariff No. A-500-B. This offer was refused by plaintiff.

The parties have stipulated facts in lieu of a hearing or trial, which we, therefore, find as follows:

1. Plaintiff, Horace O. Kistler, is an adult individual residing at 2053 Liberty Street, Allentown, Lehigh County, Pennsylvania.

2. Defendant, Royal Blue Coaches, Inc., is a New Jersey corporation, having its principal offices and place of business at Clinton, New Jersey, but maintaining an office in Allentown, Lehigh County, Pennsylvania, at 301 Cedar Street.

3. On August 24, 1960, plaintiff purchased at the Allentown Bus Terminal, 27 South Sixth Street, Allentown, Pennsylvania, a round-trip ticket entitling him to be transported in interstate commerce from Allentown, Pennsylvania, to New York City, New York, and return on defendant's buses.

4. On August 24, 1960, plaintiff delivered to defendant's bus driver in Allentown, Pennsylvania, a suitcase, containing clothing and belongings, which had a total value of $324.20.

5. Upon arrival of defendant's bus, carrying plaintiff and his baggage as aforesaid, in New York, plaintiff's baggage could not be found, the same having been lost or stolen en route.

6. On August 24, 1960, and at all times relevant hereto, defendant was operating its buses in interstate commerce under and pursuant to National Baggage Tariff No. A-500-B filed with and approved by the Interstate Commerce Commission, whereby defendant

was required to transport in interstate commerce, free of charge, baggages not exceeding a weight of 150 pounds or a value of $25. This tariff contained a provision that defendant's liability for loss of or damage to baggage of a passenger was limited to the maximum free value allowance, viz., a value of $25, unless an excess value were declared and charges paid thereon.

7. Copies of the tariff under which defendant operated its buses in interstate commerce were available for inspection by the public in the offices of defendant at 301 Cedar Street, Allentown, Pennsylvania.

8. Copies of the tariff under which defendant operated its buses in interstate commerce were on file, together with the tariffs of other carriers using the terminal facilities, and were available for inspection by the public at the Allentown Bus Terminal.

9. Copies of the tariffs aforesaid were not posted on the walls or in the windows of the Allentown Bus Terminal.

10. Plaintiff, Horace O. Kistler, if called to testify, would testify that he did not know of the provisions of the aforesaid tariff which purported to limit the liability of defendant as aforesaid.

11. The ticket purchased by plaintiff at the Allentown Bus Terminal bore on the "Going" and on the "Return" part, the legend, "The company assumes no responsibility for loss or damage to baggage which is carried only at owner's risk unless insured value declared and receipted."

12. The plaintiff did not at any time declare a value of his baggage in excess of $25, nor did he pay to defendant any excess charge for transporting his baggage aforesaid.

13. In October, 1960, defendant tendered and actually delivered to plaintiff a check for the full amount of liability established by the tariff aforesaid.

14. On or about October 17, 1960, plaintiff refused to accept defendant's check and returned the same to defendant.

### Discussion

For the purpose of this decision, we accept as verity not only that plaintiff would testify as stated in stipulation no. 10 but that he actually did not know of the tariff provisions.

Nevertheless, we are of the opinion that plaintiff cannot recover more than the $25 tendered him by defendant.

The case is ruled by Federal law and we are bound by our own appellate courts' interpretation of that law, unless a higher Federal court, the Supreme Court of the United States, has clearly ruled otherwise.

Our Pennsylvania cases are clear. Tariffs had been filed, which bound all the parties involved and they had the effect of an Act of Congress: Rau v. Wilkes-Barre and Eastern R. R. Co., 311 Pa. 510, 513; Boston and Maine Railroad v. Hooker, 233 U. S. 97. These principles have been upheld in Jackson & Perkins Company v. Mushroom Transportation Company, Inc., 351 Pa. 583, 586; Cray v. Pennsylvania Greyhound Lines, Inc., 177 Pa. Superior Ct. 275, 278, and Melnick v. National Air Lines, 189 Pa. Superior Ct. 316, 320.

Our case differs from the Cray case in only two respects: (1) The baggage in the Cray case was checked; and (2) the limitation of liability tariff was posted on the walls and windows of the bus terminal. Neither of these differences distinguish our case from the Cray case.

Plaintiff purchased a ticket which bore on its face the legend, "The company assumes no responsibility for loss or damage to baggage which is carried only at owner's risk unless insured value declared and receipted." In spite of this warning, plaintiff like almost every bus passenger, chose to entrust his baggage to

the bus driver without inquiry as to any method of insuring, declaring value or obtaining a receipt therefor.

A carrier would lay itself open to unlimited liability if it were made to accept every claim made upon it. It is very unlikely that the driver could remember any specific piece of baggage entrusted to him unless it was of a unique nature and, of course, the contents would be known solely to the owner. That the present plaintiff is a responsible person is beside the point.

The Cray case does not decide that the carrier must employ every possible method of giving notice. We can conceive of no more effective way of giving notice, short of a personal oral warning, than printing it on a ticket. True, most passengers pay no attention to the fine print on transportation tickets, but the law will not relieve a party to a contract for his failure to read it: Rosner v. Zurich Insurance Company, 197 Pa. Superior Ct. 90, 94.

Plaintiff has cited New York, New Haven & Hartford Railroad Co. v. Nothnagel, 346 U. S. 128, where full recovery was allowed when baggage was entrusted to a redcap for delivery to a train the passenger was boarding at a junction point on an interstate journey. That decision was based upon the proposition that, although the entrusting of baggage to a redcap was part of the interstate journey, it was an independent transaction as evidenced by the additional fee charged and there was no notice of any kind either by baggage receipt or by posting that the scheduled tariffs gave the passenger the opportunity to declare a value and pay a premium to avoid the limited damage amount.

In our case, there was no premium paid for the care of baggage and the ticket for passage clearly warned against the possibility of holding the carrier unless the baggage was ". . . insured value declared and receipted. . . ." The passenger, therefore, should have known that any disposition of his baggage was subject

to the conditions printed on his ticket and was put on notice to inquire upon what terms he could protect himself against loss.

Now, April 1, 1963, the foregoing decision is ordered filed and, unless exceptions are filed thereto within 30 days after service of this order on counsel, judgment shall be entered in favor of plaintiff and against defendant in the amount of $25.