## Deal v. The Mutual Life Insurance Company of New York

*Robert M. Going* and *Kain, Brown & Roberts,* for plaintiff.

*Barley, Snyder, Cooper & Barber* and *Ballard, Spahr, Andrews & Ingersoll,* for defendant.

*John Milton Ranck,* for additional defendant.

BUCHER, *J.,* October 26, 1976—This is an action in assumpsit by an alleged beneficiary (Deal) of a group health insurance policy. Defendant, Mutual Life Insurance Company (Mutual) has moved for summary judgment.

## FACTS

The group health insurance policy was issued by Mutual and covered all full-time employes of additional defendant Protection-Plus Systems, Inc. (Protection-Plus). The application for insurance refers to the words "full time" as a standard work week of 30 or more hours and the eligible class of employes is defined in the policy as follows: "All employees of the employer who are employed on a full-time basis. . . An employee shall be deemed to be on a full-time basis if his normal work week is 30 or more hours."

The policy further provides that "No change in this policy shall be valid until approved by an executive officer of Mutual of New York and unless such approval be endorsed hereon or attached

hereto. No agent has authority to change this policy or to waive any of its provisions."

It is conceded that Deal's only employment consisted of his being a registered agent for Protection-Plus to accept process for his corporate principal. This aspect of the case is summarized in the deposition of John Deal's Estate: "Q: So, his only active affiliation was to accept process? A: That is correct. Q: Did he ever accept process? A: We never got sued. Q: So he actually at no time did any work for Protection Plus? A: The only time that I would say if you call doing work being a register agent, you can't be a company in Virginia without having an agent. Q: He never did any physical duties for Protection Plus? A: No. Q: His being a registered agent was done directly for the purpose of getting him in for insurance coverage? A: Yes, sir. And that was no secret to your company."

Mutual concedes for purposes of argument that its agent informed Deal that his affiliation with Protection-Plus was sufficient to allow him to be covered as a full-time employe. In reliance thereon Deal cancelled his then existing coverage with another company and, later, incurred a hospital bill of $16,902 which is the subject matter of this suit.

## ISSUE

Mutual conceives the issues to be (a) whether Deal was covered under the express terms of the policy and (b) whether its agent had the authority to modify the terms of the policy.

On the other hand, Deal contends that the issue is whether Mutual is estopped from denying coverage under the group policy.

We believe that the narrow issue is whether summary judgment can be granted on the record as it now stands.

## DECISION

Mutual cites Rosner v. Zurich Insurance Company, 197 Pa. Superior Ct. 90, 177 A.2d 30 (1962), as being factually and legally on point. In Rosner, plaintiff was a partner in a firm seeking group insurance coverage. He alleged that the insurance company's agent represented to plaintiff that his policy would cover partners and employes for any injury or sickness and the "occupational exclusion" in the policy was designed only to exclude workmen's compensation claims. In reliance on the agent's representation the firm cancelled its Blue Cross-Blue Shield policy. When plaintiff sustained injuries disabling him from work, he filed a claim under his policy. The company refused payment on the grounds that the injury arose out of his employment and pointed to the "occupational exclusion" in the policy. In affirming the judgment of the lower court in sustaining defendant's preliminary objections the Supreme Court held that the doctrine of estoppel did not apply to the facts of the case.

However, Rosner cites another line of cases which recognizes the doctrine of estoppel "where an insurance agent, prior to the issuance of a policy, knows that particular representations made by a prospective policy holder are untrue or that certain factual conditions prerequisite to the application or the taking effect of the policy do not exist, the insurer may be estopped from asserting in defense of an action on the policy that the representations are untrue or that the necessary factual conditions do not exist."

At first blush Rosner appears controlling; however, there is a distinction between it and the present case. In Rosner the exclusion was plainly evident to anyone reading the policy. In the instant case Deal was at least an employe, the question being whether he was employed on a full-time basis, i.e., whether his normal work week was 30 or more hours. We cannot conclude from the record that Deal was outside the class of covered employes simply because his "work" was passive rather than active.

In Bakkensen v. John Hancock Mutual Life Insurance Co., 222 Ore. 484, 353 P. 2d 558 (1969), a somewhat similar case, the issue was whether plaintiff was an employe whose regular working schedule with an employer equaled or exceeded twenty hours per week. Plaintiff was a fire watcher who had to be available for work even though his services might not be required. In approving a directed verdict for plaintiff the court said: " 'Full time employment does not mean full time pay. It means being available for full employment. . .' "

And further, the court said: "Defendant argues in effect that the term 'regular working schedule' means the time regularly spent working. If such contention is correct, then the phrase is susceptible of two constructions and, hence, is ambiguous . . . [and] . . . while . . . construction of a contract is generally a matter of law for the court 'if the language itself is not clear and it can be shown that both parties placed a particular interpretation upon it and acted upon that interpretation, evidence showing such interpretation may be admitted.' "

We hold that the phrase "full-time basis" as used in the insurance contract is ambiguous and that the pleadings and depositions raise an issue of estoppel.

Accordingly, we enter the following

ORDER

And now, October 26, 1976, defendant's motion for summary judgment is denied.