**Wolcott v. Allstate Insurance Co.**

C.P of Bradford County, no. 94CV000366.

*R. Joseph Landy,* for plaintiffs.
*Bret Southard,* for defendant.

SMITH, *P.J.,* August 16, 1996—Defendant, Allstate Insurance Company, has filed a motion for summary judgment on plaintiffs' claim for benefits for losses

sustained as a result of a theft of property from plaintiff John Wolcott's dormitory room at Arizona State University. Defendant claims that plaintiffs' homeowners policy does not cover the loss, but plaintiffs have asserted that defendant is estopped from denying coverage because defendant's agent specifically informed plaintiffs that there was coverage and because defendant previously paid a similar claim. Plaintiffs' action originally included an alternative claim that the loss was insured under their policy with defendant, but plaintiffs have abandoned that claim and now rely only on their estoppel theory.

In ruling on defendant's motion for summary judgment, the court must accept as true all well-pleaded facts and give plaintiff, as the non-moving party, the benefit of all reasonable inferences which may be drawn therefrom. *Thompson v. Nason Hospital,* 370 Pa. Super. 115, 535 A.2d 1177 (1988). The court can grant defendant's motion only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. *Hower v. Whitmak Associates,* 371 Pa. Super. 443, 538 A.2d 524 (1988).

Plaintiffs Francis W. Wolcott and Karen L. Wolcott are named insureds on the policy, which also insures any relatives or dependents who are a "resident" of the household. The policy does not define the term "resident."

Plaintiffs claim that in September 1993, plaintiff Karen Wolcott specifically asked defendant's agent whether plaintiff John Wolcott's property in his dormitory room was covered under the policy and that the agent confirmed that there was coverage. In December 1993, plaintiff John Wolcott suffered a loss of personal property by a theft occurring in Arizona and defendant paid a claim made thereon. In March

of 1994, plaintiff John Wolcott's dormitory room was burglarized, resulting in a much more substantial loss. It is this loss for which plaintiffs now seek recovery from defendant.

This case involves the doctrine of estoppel in two ways. First, defendant has attempted to raise equitable estoppel as a defense. Second, plaintiffs have, without specifically pleading it, raised a claim of promissory estoppel.

Equitable estoppel is a "doctrine of fundamental fairness intended to preclude a party from depriving another of a reasonable expectation . . . ." *Straup v. Times Herald,* 283 Pa. Super. 58, 71, 423 A.2d 713, 720 (1980). An equitable estoppel claim usually consists of three factors, which include: "(1) misleading words, conduct, or silence by the party against whom the estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; and (3) no duty of inquiry on the party seeking to assert estoppel." *Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 8, 543 A.2d 1148, 1152 (1988).

In this case, the conduct which defendant claims works an estoppel is plaintiffs' removal of John Wolcott as an insured on his parents' auto insurance policy, effectively declaring that the son was no longer a "resident relative," as that term was defined in the auto insurance policy.

The court need not determine whether the removal of John Wolcott as a named insured on the automobile policy estops plaintiffs from claiming that he is an insured on the homeowners policy. Estoppel is an affirmative defense. Pennsylvania Rule of Civil Procedure 1030 requires that all affirmative defenses, including that of estoppel, be specifically raised in the pleadings under the heading of "new matter." *March v. Paradise Mutual Insurance Company,* 435 Pa. Super. 597, 646 A.2d 1254 (1994), *appeal denied,* 540 Pa. 613, 656

A.2d 118 (1995). Otherwise, the defense is deemed waived. *Id.,* Pa.R.C.P. 1032. Defendant has failed to raise the defense of estoppel under new matter or elsewhere in its pleading. Therefore, the affirmative defense of equitable estoppel has been waived.

The second appearance of the doctrine of estoppel in this case arises in plaintiffs' claim of promissory estoppel. Promissory estoppel grows out of the doctrine of equitable estoppel, however, there exist some important differences between them. First, "[a] promissory estoppel rests upon the promise to do something in the future, whereas an equitable estoppel rests upon a statement of a present fact." *Commonwealth, Department of Public Welfare v. School District of Philadelphia,* 49 Pa. Commw. 316, 322, 410 A.2d 1311, 1314 (1980). Second, unlike the requirements placed on a defendant in pleading estoppel, "a plaintiff who attempts to recover upon a promise on the basis of estoppel need not attach any particular label to his claim." *Paul v. Lankenau Hospital, supra* at 10, 543 A.2d at 1153. Third, a promissory estoppel, unlike equitable estoppel, is an independent cause of action.

A valid promissory estoppel claim must satisfy three requirements. First, there must be a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee. Second, the promise must actually produce such action or forbearance. Third, there must exist no other way to avoid injustice but to enforce the promise. *Straup v. Times Herald, supra,* citing Restatement (Second) of Contracts §90. Accepting as true plaintiffs' well-pleaded facts and giving plaintiffs the benefit of all reasonable inferences therefrom, it is clear that plaintiffs present a valid promissory estoppel claim. Defendant's arguments in support of its motion for summary judgment are without merit.

Defendant first asserts that the doctrine of estoppel is not available to plaintiffs, because "estoppel cannot

create an insurance contract where none exist[s]." *Wasilko v. Home Mutual Casualty Company*, 210 Pa. Super. 322, 328, 232 A.2d 60, 63 (1967).

Plaintiffs also rely on *Wasilko*, citing the following language therein,

"To work an estoppel, there must be such conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon. Accordingly, an insurer is not estopped to deny liability on a policy where the plaintiff was not misled by the defendant's conduct. 16 Appleman, Insurance Law §9088 at 626." *Id.*

This court does not interpret *Wasilko* to deny relief on a claim such as plaintiffs'. The various decisions denying application of the doctrine of estoppel to insurance claims arise in cases where there was no contract of insurance between the parties. See *Donovan v. New York Casualty Company*, 373 Pa. 145, 94 A.2d 570 (1953) (no estoppel where named insured's testate heir's notice to insurer of his succession to ownership of property and heir's request to name him as an insured were not made in writing as required by the policy, and renewed policy naming him as insured was not issued until after claim for loss arose); *Antone v. New Amsterdam Casualty Company*, 335 Pa. 134, 6 A.2d 566 (1939) (insurance company's entry of appearance and defense of trespass claim on behalf of plaintiff did not work an estoppel where insurer later learned that plaintiff was not party named as insured); *Wasilko, supra*, (insurance company's pledge to honor claim for damage to automobile did not estop later denial of claims to injured occupants where there was no evidence that insurer knew when making pledge that tort-feasor was owner of vehicle he operated and policy covered only "non-owned" vehicles).

The critical characteristic of the cases denying an estoppel claim is best stated in *Donovan, supra* at 150, 94 A.2d at 572, quoting *McCoy v. Northwestern Mutual Relief Association,* 92 Wis. 577, 66 N.W. 697, 699: "What is here sought is . . . to make a new contract. . . ." Instantly, plaintiffs do not seek to make a new contract; they claim that the existing contract provides coverage, and that defendant is estopped from claiming otherwise. Accordingly, plaintiffs' claim made under the doctrine of estoppel is viable.

Defendant also argues that it is entitled to summary judgment because plaintiffs cannot assert that their reliance upon the representation made by defendant's agent was reasonable. Defendant's specific claim is that plaintiffs Francis Wolcott and Karen Wolcott executed a document in July 1990 asserting that plaintiff John Wolcott was no longer a "resident relative as defined in [their] auto policy." (Defendant's brief, p. 11.)[1] Whereas "resident relative" was defined in the auto policy, no such definition appears in the homeowners policy in question here. Furthermore, plaintiffs allege that the representation on which they relied to their detriment was made in September 1993, more than three years after execution of the document disclosing that plaintiff John Wolcott was not a resident relative.

Defendant claims that "[i]t is black letter law that the reliance on the alleged inducement must be *reasonable.*" (Defendant's brief, p.13.) (emphasis in original) Having said as much, defendant provides no such authority and, while this court's exhaustive research has unearthed a smattering of opinions from our appellate courts which do indeed identify reasonable reliance as an element of estoppel, defendant has mis-

---

1. Defendant's motion for summary judgment purports to attach the document as an exhibit, but does not. Plaintiffs apparently admit that the document is as stated by defendant.

construed the meaning of the term "reasonable reliance." The more common term used by our appellate courts is "justifiable reliance," and this term more clearly conveys the nature of the reliance required for estoppel, because the question of whether the actor's reliance is reasonable focuses not on the wisdom of his conduct, but whether his conduct was foreseeable by the party who created the inducement.

In an early decision by the Pennsylvania Supreme Court it was explained that the complainant's act must be the "proximate result" of the other's conduct or misrepresentation. *Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 197, 27 A.2d 20, 23 (1942).

This court perceives the concept of "proximate result" to be akin to the concept of "proximate cause," which, of course, involves the legal question whether a consequence was foreseeable. *Reilly v. Tiergarten Inc.,* 430 Pa. Super. 10, 633 A.2d 208 (1993).

The question of foreseeability focuses on the promisor. For this proposition, one need only look to section 90 of the Restatement (Second) of Contracts, which contains the definition of promissory estoppel adopted in Pennsylvania. *Travers v. Cameron County School District,* 117 Pa. Commw. 606, 544 A.2d 547 (1988). The restatement requires only that the *promisor* reasonably foresee the reliance:

"A promise which the *promisor* should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding . . . ." Section 90 Restatement (Second) of Contracts (1979). (emphasis added)

At the core of an estoppel claim is the protection of "the reasonable *expectations* of one who relies on another's course of conduct." *Cosner v. United Penn Bank,* 358 Pa. Super. 484, 488, 517 A.2d 1337, 1339

(1986). (emphasis added) Having already received compensation for an earlier claim, and having received oral assurances for the future from defendant's agent, plaintiffs could reasonably expect that any theft of John Wolcott's property at college would be compensated by defendant.

For the foregoing reasons, defendant is not entitled to judgment as a matter of law.

## ORDER

And now, August 16, 1996, for the reasons set forth in the accompanying opinion, defendant Allstate Insurance Company's motion for summary judgment is hereby denied and dismissed.