J-A32006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADRIENNE GAIL KANTZ AND JOHN MARION KANTZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 806 MDA 2017 |
| EVERETT CASH MUTUAL INSURANCE COMPANY | : | |

Appeal from the Judgment Entered April 19, 2017
In the Court of Common Pleas of Tioga County
Civil Division at No(s):  0754-CV-2015

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 03, 2018**

Adrienne Gail Kantz and John Marion Kantz, siblings, appeal from the judgment entered on April 19, 2017, in Tioga County, granting Everett Cash Mutual Insurance Company's (Everett) motion for summary judgment.  In this timely appeal, Adrienne and John Kantz raise two issues.  They claim the court erred, first, in determining no enforceable insurance contract existed at the time of loss, and, second, in determining Everett was not estopped from denying coverage, or in the alternative had not waived any policy defenses. After a thorough review of the submissions by the parties, relevant law and the certified record, we affirm on the basis of the trial court's opinion, dated June 30, 2017.

_____

* Retired Senior Judge assigned to the Superior Court.

Briefly, the underlying facts of this matter are as follows. The property in question, 141 Johnson Hill Road, Mansfield, Pennsylvania, was owned by Elinor Kantz, mother of Adrienne and John Kantz. She insured the property with a homeowner's policy issued by Everett. Elinor passed away on December 7, 2012, leaving her estate to her children, Adrienne and John, as residuary beneficiaries. The property remained titled in the name of Elinor Kantz until December 29, 2014, when Adrienne and John, as co-executors of the estate, transferred title of the property to themselves, individually, as co-tenants. The homeowner's policy remained, through all relevant times, in the name of Elinor Kantz. Everett was not informed of either Elinor Kantz' passing nor of the transfer of title to her children. Approximately two months after the property was deeded to Adrienne and John Kantz, a pipe burst in the residence, causing significant damage.

Everett denied indemnity for the claim, asserting no valid contract of insurance existed at the time of loss, as neither Elinor Kantz nor her Estate owned the property. Adrienne and John Kantz filed suit, claiming breach of contract. Everett reiterated its position that no valid insurance policy existed at the time of loss and the trial court agreed, granting summary judgment in favor of Everett.

Our scope and standard of review for a challenge to the grant of summary judgment are well settled:

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate

- 2 -

court may reverse the entry of **a summary judgment** only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Windows v. Erie Insurance Exchange***, 161 A.3d 953, 956 (Pa. Super. 2017) (citations omitted).

Our review of the certified record leads us to the inescapable conclusion that the trial court properly determined no valid insurance policy existed between Adrienne and John Kantz and Everett and that neither waiver nor estoppel can create the contract where none otherwise exists.

We highlight the trial court's holding that although Adrienne and John Kantz did have an insurable interest in the subject property; **they were not** a party to any contract of insurance. The policy of insurance at question protected the interest of Elinor Kantz and then the interest of her Estate. The trial court also correctly noted that an insurance policy, such as the one at issue, protects the personal interest of the insured in the property and not the property in general. That personal interest terminated when title to the

property transferred to her children. "If [Adrienne and John Kantz] wanted to insure their new interest in the property they needed to obtain their own insurance policy." Trial Court Opinion at 5. Adrienne and John Kantz's argument does not persuade us otherwise. Accordingly, we affirm the judgment.

Judgment affirmed. The parties are directed to attach a copy of the trial court opinion dated June 30, 2017, in the event of further proceedings.

Judge Dubow joins the majority decision.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018

ADRIENNE GAIL KANTZ and                :IN THE COURT OF COMMON PLEAS
JOHN MARION KANTZ                        :                    FILED
VS.                                              :OF TIOGA COUNTY PENNSYLVANIA PA
EVERETT CASH MUTUAL                     :
INSURANCE COMPANY                       :NO. 754 CV 2015    2017 JUN 30  PM 12: 18

**OPINION**                                              PROTHONOTARY &
                                                               CLERK OF COURTS

Plaintiffs, Adrienne Gail Kantz and John Marion Kantz, appeal this court's Order of

April 19, 2017 granting Defendant's Motion for Summary Judgment and denying Plaintiffs'

Motion for Summary Judgment. As set forth more fully below, the Order should be affirmed.

## I. BACKGROUND

In 1994 Defendant, Everett Cash Mutual Insurance Company ("Everett"), issued an

insurance policy to Boyer Kantz for property located at RR 1, Box 206, Mansfield),

Pennsylvania (the property's current address is 141 Johnson Hill Road, Mansfield, Pennsylvania.

At the time the property was titled in the name of Boyer Kantz and his wife Elinor Kantz. In

2010 the Kantz's insurance agent requested the Name of Insured be changed from Boyer Kantz

to Elimor Kantz because Boyer passed away in 2008 and Elinor became the property's sole

owner. Thereafter, Everett renewed the policy annually in the name of Elinor Kantz with the last

premium paid on December 1, 2014. Elinor Kantz passed away December 7, 2012 leaving her

entire estate to her two adult children, Plaintiffs Adrienne Kantz and John Kantz. On December

29, 2014 Ms. Kantz's children, as co-executors of her estate, transferred title of the subject

property to themselves individually as co-tenants. They did not inform Everett of either Elinor's

passing or the transfer of the property from the estate to the children as individuals.

Plaintiffs reported to Everett on February 25, 2015 that the residence was damaged by a

burst pipe and Everett retained an independent insurance adjustor to inspect and investigate the

1

loss. It was during this investigation Everett first learned of Elinor Kantz passing, the administration of her estate, and the transfer of the property from the estate to Adrienne and John Kantz individually. Everett denied the claim.

Plaintiffs filed a complaint on October 1, 2015. After the discovery process both parties filed Motions for Summary Judgment. The court held argument on the respective motions on March 15, 2017 and issued an Order granting Defendant's Motion for Summary Judgment and denying Plaintiffs' Motion for Summary Judgment. The Plaintiffs filed a timely notice of appeal and the court files this Opinion in accordance with Pa.R.A.P. 1925(b)

## II.    ISSUES

Plaintiffs raise the following issues on appeal:

1. Failure of the Court to find that Appellee insurance company waived all insurable interest defenses by continuing the policy in effect until months after the loss and filing of the claim despite its full knowledge of ownership of the insured property.

2. Failure of the Court to find that Appellants did indeed have an insurable interest in the insured premises due to the fact of their ownership and that any loss or damage to the premises would be to their economic detriment.

3. Failure of the Court to find that the Appellee insurance company was estopped to deny coverage by its conscious decision to continue the policy for months following the loss and filing of claim by Appellants with full knowledge of the fact that Appellants owned the insured premises.

4. Failure of the Court to find specifically that Appellants possessed an insurable interest in the insured premises.

5. Failure of the Court to enter summary judgment in favor of the Appellants since it is without question that the policy was in full force and effect at the time of the loss, Appellants possessed an insurable interest, and Appellee insurance company's defenses to the claim were either waived or Appellee is estopped because of its conduct.

2

## III. DISCUSSION

The court may grant summary judgment if no genuine issue of material fact exists. Pa.R.C.P. 1035.2. "[S]ummary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law." Burger v. Owens Illinois, Inc., 966 A.2d 611, 614 (Pa.Super. 2009). "In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of genuine issue of material fact against the moving party." Id. An issue is considered material "if its resolution could affect the outcome of the case under the governing law." McCarthy v. City of Bethlehem, 962 A.2d 1276, 1278 (Pa,Super. 2008) (quoting Strine v. Med. Care Availability & Reduction of Error Fund, 894 A.2d 733, 738 (Pa, 2006))). The court granted Everett's Motion for Summary Judgment in this case because even though Plaintiffs had an insurable interest in the subject property they did not have an enforceable insurance contract with Everett at the time of the property damage.

Plaintiffs' first, second, and fourth claims of error are related to if they possessed an insurable interest in the subject property. Specifically stating the court erred in failing to determine Everett waived any insurable interest defense, failing to determine Plaintiffs had an insurable interest, and failing to specifically find Plaintiffs had an insurable interest. These claims are moot as the court's decision on the respective summary judgement motions was not based on the insurable interest issue but rather on the lack of an enforceable contract between the parties at the time of the loss. In fact, the court agrees with Plaintiffs that they did, and still do, have an insurable interest in the subject property. "An insurable interest exists in any party who would be exposed to financial loss by destruction of certain property." Kellner v Aetna Cas. And

3

Sur. Co., 605 F.Supp. 331, 333 (1984). The Plaintiffs, as co-executors of their mother's estate, deeded the subject property to themselves as individuals in December 2014, months prior to the damage in question in this case. As the titled owners of the property Plaintiffs clearly were "exposed to financial loss by destruction" of said property and therefore had an insurable interest in the property at the time of the loss. As noted above, however, the insurable interest issue was not critical to the court's rulings on the respective summary judgment motions.

Plaintiffs third issue is the court's failure to find Everett was estopped from denying coverage by its decision to continue the policy following Plaintiffs' filing their claim with full knowledge that the Plaintiffs owned the property. The doctrine of estoppel, however, can not apply to or create a contract where none exists. Donovan v. New York Cas. Co., 94 A.2d 570, 572 (Pa. 1953); Wasilko v. Home Mut. Cas. Co., 232 A.2d 60, 63 (Pa. Super. 1967). An insurance contract is a personal contract on the insured's interest in the property and not on the property in general. See In Re Gorman's Estate, 184 A. 86, 87 (Pa. 1936); Christ Gospel Temple v. Liberty Mut. Ins. Co., 417 A.2d 660, 663 (Pa. Super. 1979); Mut. Ben. Ins. Co. v. Goschenhoppen Mut. Ins. Co., 572 A.2d 1276, 1276 (Pa. Super. 1990).

The evidence presented in the parties' respective summary judgment motions and at the summary judgment hearing is clear the policy at issue was originally in Boyer Kantz's name until after his death when Elinor Kantz became the named insured. When Ms. Kantz died nobody informed Everett or applied to replace her as the named insured. Once the Plaintiffs, as co-executors of their mother's estate, deeded the property to themselves as individuals Ms. Kantz no longer had an insurable interest in the property. The Plaintiffs, as the new owners of the property, did not obtain an insurance policy for their individual interest. As an insurance policy is not an indemnity on property in general but is instead and indemnity on the insured's interest,

4

Plaintiffs cannot use Ms. Kantz's old policy on her interest as an indemnity on their new interest. The Plaintiffs therefore did not have an enforceable insurance contract at the time of the property damage. Since the doctrine of estoppel cannot be used to create a contract where none exists Everett's delay in formally cancelling Ms. Kantz's policy has no bearing on any possible obligation to Plaintiffs.

Plaintiffs' fifth and final issue is the court's failure to enter summary judgment in their favor and against Everett as they allege it is without question the policy was in full force and effect at the time of the loss, Plaintiffs possessed an insurable interest, and Everett's defenses were either waived or estopped because of its actions. The court discussed each of these issues above. First Plaintiffs did in fact have an insurable interest in the property at the time of the damage. They did not, however, have an enforceable insurance policy at the time. The insurance policy Ms. Kantz had with Everett was for her interest in the property and not in the property in general and therefore the policy was no longer enforceable when Ms. Kantz no longer had an insurable interest. Ms. Kantz's insurable interest in the property expired when the Plaintiff's, as co-executors of Ms. Kantz's estate, transferred the property from the estate to themselves as individuals as neither Ms. Kantz nor her estate were exposed to financial loss by the destruction of the property. If Plaintiffs wanted to insure their new interest in the property they needed to obtain their own insurance policy. Waiver, like estoppel, cannot create a contract where none exists. Donovan at 572. Due to that fact Everett's action did not and could not create an insurance policy between them and Plaintiffs. Since an enforceable policy did not exist between Plaintiffs and Everett at the time of the property damage the court's grant of summary judgment was correct.

5

## IV.  CONCLUSSION

For the foregoing reasons the court's decision granting summary judgment in favor of Defendant Everett Cash Mutual Insurance Co. and against Plaintiffs Adrienne and John Kantz was correct and should be upheld.

By the Court,

Hon. George W. Wheeler, President Judge

ERTIFIED TRUE AND CORRECT COPY
Tioga County Prothonotary
And Clerk of Courts

Cc:     William A. Hebe, Esq.
        Stephen L. Dugas, Esq.

6